IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THEODORE PARKER, # 149211, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv11-WHA |
| ) | (WO) |
| KARLA JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Theodore Parker ("Parker") on December 27, 2013.[1]  Parker challenges his 1988 conviction in the Circuit Court of Barbour County for the offense of murder in violation of § 13A-6-2, Ala. Code 1975.  Parker was sentenced to 99 years in prison.

The respondents have filed an answer in which they argue that Parker's petition is barred by the one-year limitation period applicable to § 2254 petitions, *see* 28 U.S.C. § 2244(d), because Parker failed to file the petition within the one-year "grace period" running from the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. No. 9 at 3-5.)

---

[1] Although the petition was stamped as received in this court on January 2, 2014, it was signed by Parker on December 27, 2013. (Doc. No. 1 at 15.)  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Barbour v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Parker] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

The limitation period codified at 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Evidentiary material filed by the respondents reflect that Parker was convicted of murder in January 1988. (Resp. Ex. A.) Parker was sentenced to 99 years in prison. (*Id*.) He appealed to the Alabama Court of Criminal Appeals, which affirmed his conviction on September 20, 1988. (*Id*.) He sought certiorari review in the Alabama Supreme Court, which was denied on December 30, 1988. (Doc. No. 1 at 3.) He did not file a petition for

writ of certiorari in the United States Supreme Court. (*Id.*)

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Here, the time for Parker to seek direct review of his conviction expired on March 30, 1989, i.e., 90 days after the Alabama Supreme Court denied certiorari review, because that was the time within which Parker could file a petition for certiorari review in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); Rule 13.1, Rules of the United States Supreme Court (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, for purposes of § 2244(d)(1)(A), Parker's conviction became final on March 30, 1989.

The AEDPA became effective on April 24, 1996. The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Parker], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir.1998). Thus, the Eleventh Circuit adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA, which allows such persons a reasonable time of "one year from the AEDPA's effective date" – i.e., until April 24, 1997 – to file a federal habeas petition. *Wilcox*, 158 F.3d at 1211. Because Parker's conviction became final before enactment of the AEDPA, Parker had until no later than April

24, 1997, to file a timely § 2254 petition, unless the limitation period was tolled at some point between April 24, 1996, and April 24, 1997.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Parker did not file any state post-conviction petitions challenging his conviction between April 24, 1996, when the one-year "grace" period began to run, and April 24, 1997, when the limitation period expired after running unabated for one year. The record reflects that in October 2012 Parker filed a state post-conviction petition under Ala.R.Crim.P. 32 challenging his conviction.[2] (*See* Resp. Ex. A.) However, Parker's filing of the Rule 32 petition had no tolling effect under § 2241(d)(2), because the one-year federal limitation period had expired long before the Rule 32 petition was filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

For the reasons set forth above, it appears that the one-year limitation period for Parker to file a timely § 2254 petition expired on April 24, 1997. *See Wilcox*, 158 F.3d at 1211; § 2241(d)(1)(A). Parker did not file his § 2254 petition until December 27, 2013 – over six years after expiration of the time period afforded to him under applicable law.

---

[2] The trial court denied the Rule 32 petition, and Parker appealed. In September 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment (Resp. Ex. A.), and in December 2013, the Alabama Supreme Court denied certiorari review.

Accordingly, it is

**ORDERED that on or before March 17, 2014**, Parker shall show cause why his federal habeas petition should not be dismissed as it was not filed within one year after enactment of the AEDPA.

Done this 24th day of February, 2014.

                                          /s/ Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE