IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THEODORE PARKER, # 149211, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv11-WHA |
| ) | (WO) |
| KARLA JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Theodore Parker ("Parker") on December 27, 2013.[1] Doc. No. 1. Parker presents claims challenging the constitutionality of his 1988 murder conviction in the Circuit Court of Barbour County, Alabama. The respondents argue Parker's petition is time-barred by the one-year limitation period applicable to § 2254 petitions, *see 2*8 U.S.C. § 2244(d), because Parker failed to file the petition within the one-year "grace period" running from the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Doc. No. 9 at 3-5. Upon review of the pleadings,

---

[1] Although the petition was stamped as received in this court on January 2, 2014, it was signed by Parker on December 27, 2013. Doc. No. 1 at 15. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Barbour v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Parker] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Parker's petition should be denied as untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) states:

>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Evidentiary material filed by the respondents reflect that in January 1988, Parker was convicted of murder, in violation of § 13A-6-2, Ala. Code 1975. Resp. Ex. A. Parker was

sentenced to 99 years in prison. *Id*. He appealed to the Alabama Court of Criminal Appeals, which affirmed his conviction on September 20, 1988. *Id*. He sought certiorari review in the Alabama Supreme Court, which was denied on December 30, 1988. *See* Doc. No. 1 at 3. He file no petition for writ of certiorari in the United States Supreme Court. *Id*.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Here, the time for Parker to seek direct review of his conviction expired on March 30, 1989, i.e., 90 days after the Alabama Supreme Court denied certiorari review, because that was the time within which Parker could file a petition for certiorari review in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, for purposes of § 2244(d)(1)(A), Parker's conviction became final on March 30, 1989.

The AEDPA became effective on April 24, 1996. The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Parker], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir.1998). Thus, the Eleventh Circuit adopted a "grace period" for petitioners

3

whose convictions became final prior to enactment of the AEDPA, which allows such persons a reasonable time of "one year from the AEDPA's effective date" – i.e., until April 24, 1997 – to file a federal habeas petition. *Wilcox*, 158 F.3d at 1211. Because Parker's conviction became final before enactment of the AEDPA, Parker had until no later than April 24, 1997, to file a timely § 2254 petition, unless the limitation period was tolled at some point between April 24, 1996, and April 24, 1997.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Parker filed no state post-conviction petitions challenging his conviction between April 24, 1996, when the one-year "grace" period began to run, and April 24, 1997, when the limitation period expired after running unabated for one year. Although the record reflects that in October 2012 Parker filed a state post-conviction petition under Ala.R.Crim.P. 32 challenging his conviction, *see* Resp. Ex. A, that Rule 32 petition had no tolling effect under § 2244(d)(2), because the one-year federal limitation period had expired long before the Rule 32 petition was filed.[2]  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

---

[2] The trial court denied the Rule 32 petition, and Parker appealed. In September 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment, *see* Resp. Ex. A, and in December 2013, the Alabama Supreme Court denied certiorari review.

4

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Parker. There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The one-year "grace period" for Parker to file a timely § 2254 petition expired on April 24, 1997. *See Wilcox*, 158 F.3d at 1211; 28 U.S.C. § 2241(d)(1)(A). Parker did not file his § 2254 petition until December 27, 2013.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Parker fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, Parker is not entitled to equitable tolling.

Parker argues the federal limitation period does not apply to his § 2254 petition because he raises a "jurisdictional" claim in his petition that the murder for which he was convicted took place in a county different from the one in which he was tried. *See* Doc. No. 11 at 2. If this court were an Alabama court, Parker's argument regarding jurisdictional claims might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court). However, there is no similar exception to the limitations period in 28 U.S.C. § 2244(d). Thus, Parker's purportedly jurisdictional claim does not entitle him to any relief from operation of the federal statutory limitations bar.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) (in Parker's case, the one-year "grace period") expired on April 24, 1997. Because Parker did not file his § 2254 petition until December 27, 2013, his petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on

6

or before **October 13, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE