IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THEODORE PARKER, #149211,  )   | |
|     ) | |
|      Petitioner,   ) | |
|     ) | |
| vs.    ) | CASE NO. 2:14-cv-011-WHA |
|     ) | |
| KARLA JONES, et al.,   ) | (WO) |
|     ) | |
|      Respondents.   ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #12), entered on September 26, 2014, and the Objections (Doc. #13), filed by the Petitioner on October 14, 2014.  The court has conducted an independent evaluation and *de novo* review of the file in this case and finds as follows:

The Magistrate Judge's Recommendation found Parker's § 2254 petition filed on December 27, 2013, to be time-barred where the limitation period for him to file expired in April 1997.

In his objections, as he did in his petition, Parker argues the federal limitation period does not bar the claim in his § 2254 petition because his claim challenges the trial court's jurisdiction. In that claim, Parker argued the trial court was without jurisdiction because the murder for which he was convicted took place in Bullock County, while the court in which he was tried and convicted was in Barbour County.  He raised this claim in a Rule 32, ALa.R.Crim.P., petition in state court.   The state courts ruled that this claim was not jurisdictional and was therefore time-barred under Rule 32.2(c).   Moreover, as the Magistrate Judge notes in his Recommendation,

there is no exception to the federal limitations period for § 2254 claims concerning the state trial court's jurisdiction.

In his objections, Parker also seems to suggest (for the first time) that his claim is one of "actual innocence," which if meritorious, would avoid application of the federal time bar. His argument about which county the murder actually occurred in does not present a claim of factual innocence. Moreover, it appears from the limited record, the events surrounding the murder took place near the Bullock County/Barbour County border. There was evidence suggesting the murder might have taken place in either county. The victim's body was found in Barbour County, and that is where Parker was indicted, tried, and convicted.

The court agrees that this § 2254 petition is time-barred, and it is hereby ORDERED as follows:

1. Petitioner's objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice under 28 U.S.C. § 2244(d).

DONE this 14th day of November, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE